```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. (96-6209-CR-GOLD)
                                    MAGISTRATE JUDGE P.A. WHITE

DARREN WILLIE JONES,            :

        Movant,                 :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____
```

The pro-se petitioner, Darren Willie Jones, filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) on October 10, 2007. (DE#82). The motion, and its duplicate (DE#83) were referred to the Undersigned Magistrate Judge on October 16, 2007.

The petitioner filed a prior motion for relief from judgment pursuant to Rule 60(b). The motion was denied on September 18, 2007, Case No. 00-6290-Civ-Gold, adopting the Report and Recommendation of the Undersigned. (DE#33)[1] . The petitioner is now attempting to file another motion for relief from judgment to obtain the same results as those sought in his 60(b) motion; he claims that the District Court failed to address issues three and four (3 and 4) of his motion to vacate. This motion should be denied for the same reasons.

---

[1] The motion remains pending on criminal docket case no. 96-6209-cr-Gold, and should be closed.

The petitioner filed a motion to vacate attacking his conviction in case no. 96-6209-cr-Gold. The motion, assigned case no. 00-6290-civ-Gold was denied on December 11, 2000. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on May 6, 2004, Case No. 03-14912-D.

Review of the Report of the Magistrate entered in case no. 00-6290-civ-Gold reveals that both issues (3), ineffective assistance of counsel for failing to object to evidence presented at trial which led to the conviction for use or carrying a firearm during a drug trafficking crime, and (4), insufficient evidence to support the jury verdict, finding both "intention" and "knowledge" of attempt to possess with intent to distribute cocaine or commit a drug trafficking crime, were reviewed and found to be without merit.

Further, the movant's reliance on Fed.R.Civ.P. 59(e) is misplaced. (A motion to alter or amend judgment shall be filed no later than 10 days after entry of judgment). This rule is in relation to Rule 59 which governs grounds for new trials. In this case the movant's final judgment was entered on September 28, 1997. The mandate affirming the conviction was issued on November 2, 1998, Case No. 97-5612. The time to file a motion for a new trial is long past.

It is therefore recommended that the petitioner's motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) (DE#82 and 83) be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 23rd day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Darren Willie Jones, Pro Se
    Reg. No. 31244-004
    USP Atwater
    PO Box 019001
    Atwater, CA 95301